UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY E. HANEY, SR., | : | CIVIL ACTION NO. 3:CV-11-0002 |
| Petitioner | : | (Judge Nealon) |
| v. | : | **FILED SCRANTON** |
| MICHAEL HARLOW, et al., | : | JUL 0 2 2012 |
| Respondents | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

Petitioner, Barry E. Haney, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Wayne County, Pennsylvania. (Doc. 1). For the reasons that follow, the petition will denied.

**I.     Background**

On March 9, 2006, Petitioner was charged with three (3) counts of Aggravated Indecent Assault of a Child, one (1) count of Indecent Assault on a Person Less than 13 Years of Age, and one (1) count of Corruption of Minors. (Doc. 10, Ex. A, <u>Commonwealth of Pa. v. Haney Sr.</u>, CP-64, CR-0000152-2006, Criminal Docket Sheet).

On March 17, 2006, Petitioner waived his Preliminary Hearing. (Doc. 10, Ex. B, Waiver of Preliminary Hearing).

On July 14, 2006, Petitioner pled guilty to Aggravated Indecent Assault, a violation of 18 Pa.C.S.A. § 3125(a)(7). (Doc. 10, Ex. C, Guilty Plea Hearing).

On October 19, 2006, Petitioner received a thirty (30) month to ten (10) year sentence. (Doc. 10, Ex. F, Sentence).

The Petitioner did not file a direct appeal.

On October 18, 2007, Petitioner, acting pro se, filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. 10, Ex. G, PCRA petition). He alleged constitutional violations, ineffective assistance of counsel, and an unlawfully induced plea of guilty. Id.

On or about November 2, 2007, counsel was appointed to investigate the claims raised by Petitioner in his pro se motion and to file such action as deemed appropriate. (Doc. 16, Ex. H. Motion to Withdraw as Counsel).

On or about January 21, 2009, counsel sent a "No Merit" letter to the PCRA court, indicating that counsel believes Haney's claims to be frivolous. Id.

As a result of counsel's No Merit letter, counsel filed a Motion to Withdraw as Counsel. Id. In an Order dated August 24, 2009, the PCRA court granted counsel's motion to withdraw. (Doc. 16, Ex. I, Order).

By Opinion and Order dated December 11, 2009, Petitioner's PCRA petition was denied. (Doc. 10, Ex. J, Opinion and Final Order).

Petitioner then filed a Notice of Appeal to the Pennsylvania Superior Court, in which he raised the following issues:

1. Whether a signed colloquy form, supplemented by an oral colloquy, does not unquestionably prove that the plea was constitutionally valid?

2. Whether trial counsel lacked informed knowledge involving cases of alleged pedophilia?

3. Whether trial counsel was ineffective for failing to inform the defendant of the mandatory minimum before submitting to

      accept a guilty plea?

4. Whether trial counsel was ineffective by advising the defendant to waive his preliminary hearing when the facts of the case could have been dismissed?

5. Whether trial counsel was ineffective for inducing and unlawfully inducing a guilty plea?

6. Whether trial counsel was ineffective for failing to advise his client of his right to be interviewed by the (SOAB) Sexual Offenders Assessment Board, as ordered by the Court of Wayne County?

7. Whether trial counsel was ineffective for coercing defendant into taking a guilty plea by threatening him with false accusations?

8. Did trial counsel qualify to represent defendant on criminal charges when in fact he never tried a criminal case before but only was a domestic relations lawyer?

9. Whether the trial court erred by failing to advise defendant that he had the right to seek withdrawal of the plea in a time frame established by law, before sentencing?

10. Whether the trial counsel or trial court erred as a matter of law and failed to inquire into the affect whether the defendant at any such colloquy suffered any mental defects or mental infirmities?

11. Whether a hearing was required, despite what trial counsel in fact believes, where defendant requested counsel to withdraw said plea, and counsel ignored such request?

12. Plea counsel nor the court inquired into the affect that such conditions would have on defendants ability to understand the proceedings, plea counsel rendered ineffective assistance where counsel's ineffectiveness caused the entry of the plea, this court should deem the plea involuntarily entered and consequently invalid?

(Doc. 16, Ex. D, Statement of Matters Complained of on Appeal).

3

By Memorandum Opinion dated September 10, 2010, the Pennsylvania Superior Court affirmed the denial of Petitioner's PCRA petition. (Doc. 10, Ex. N, Superior Court Opinion).

On October 8, 2010, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. (Doc. 10, Ex. O, Notice of Appeal). He presented the following questions for review:

1. Whether the Superior Court misapplied the law, thus violating Petitioner's constitutional right afforded under the Post-Conviction Collateral Relief Act?

2. Whether the Superior Court failed to consider all issues filed by Petition that were jurisdictionally reviewable and raised in it's proper venue?

3. Whether the Superior Court improperly disregarded standards of case law concerning ineffective representation in the face of actual innocence?

Id.

On January 3, 2011, Petitioner filed the instant petition for writ of habeas corpus in which he raises the following issue of ineffective assistance of counsel:

Attorney Wendell R. Key induced unknowing plea; initiated plea without investigation of case; waived preliminary hearing (not docketed); and refused to enter direct appeal.

(Doc. 1, petition). Along with the filing of his petition, Haney filed a motion to hold his petition in abeyance pending the decision of the Pennsylvania Supreme Court. (Doc. 4, motion for abeyance).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued formal notice to Haney that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard

as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 6). On April 4, 2011, Petitioner returned the notice of election, choosing to have the Court rule on his petition as filed. (Doc. 7). A Show Cause Order was issued on April 11, 2011, directing that the petition be responded to as filed. (Doc. 9). On April 25, 2011, Respondent filed a brief in opposition to Petitioner's motion for abeyance. (Doc. 10).

By Order dated April 28, 2011, Petitioner's motion to hold his petition in abeyance pending the decision of the Pennsylvania Supreme Court, was granted. (Doc. 11).

On June 1, 2011, the Pennsylvania Supreme Court denied Haney's petition for allowance of appeal. (Doc. 12, Ex. 1, Order).

By Order dated September 30, 2011, a Show Cause order was issued, serving the instant petition. (Doc. 13).

On October 17, 2011, a response to the petition was filed. (Doc. 16). Although provided an opportunity to file a traverse, none was filed. The petition is now ripe for disposition. For the reasons that follow, the petition for writ of habeas corpus will be denied.

## II. Standards of Review Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A. Exhaustion

"A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state', (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1)." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). "The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition...." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. McMahon v. Fulcomer, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines v. Larkins, 208 F.3d 153, 159 (3d

Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claims be presented to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Respondents concede that Petitioner has exhausted his state court remedies. The merits of the claims will therefore be addressed.

### B. Merits

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).[1] See generally Knowles v. Mirzayance,

---

[1] Specifically, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

7

--- U.S. ----, 129 S. Ct. 1411, 1418-19, 173 L. Ed. 2d 251 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-05 (2000). As explained in Bell:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable ....
> Bell, 535 U.S. at 694 (citations omitted).

In a recently announced decision, Renico v. Lett, --- U.S. ----, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010), the United States Supreme Court, quoting Williams, explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 1862. Therefore, a federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly.[2] Id. Rather, the state court application must be objectively unreasonable. Renico added that this distinction creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential standard for evaluating state court decisions. Simply put, "state-court decisions [must] be given the benefit of the doubt." Id. (quoting Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

---

[2]"Whether the trial judge was right or wrong is not the pertinent question under the AEDPA." Renico, 130 S. Ct. at 1865 n.3.

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. Bell, 535 U.S. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

**B.    Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; accord Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; accord Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794, (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002) (internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695; Jermyn, 266 F.3d at 283. However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006). "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

When the Pennsylvania state courts reviewed the claims raised by Haney, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See e.g. Commonwealth v. Johnson, 771 A.2d 751, 757 (Pa. 2001). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is

not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under § 2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits is whether the Pennsylvania state court decision involved an unreasonable application of Strickland. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

Petitioner in this case advances no argument that the Pennsylvania Superior Court decision is contrary to extant United States Supreme Court precedent. In this regard, Petitioner does not maintain that the ineffective assistance test applied by the state court is inconsistent with the test established in Strickland and developed in its progeny. Thus, each asserted instance of ineffective assistance will be considered against this standard.

### 1. Counsel was ineffective for waiving preliminary hearing.

Petitioner states that "the first layer representing the defendant, Wendell Kay, is a Public Defender who, for reasons unknown, either waived or failed to demand a Preliminary Hearing (none was scheduled or appears on the docket), thus, any actual evidence in this case was known only to the prosecution." (Doc. 3, Memorandum of Law in support of petition).

On direct appeal, the Pennsylvania Superior Court found the following:

> The record reveals that Appellant executed paperwork in which he waived his preliminary hearing. Appellant offers no reason for us to conclude his counsel somehow forced him into this waiver. Nevertheless, Appellant's point may be that, had counsel advised him to proceed with a preliminary hearing, the hearing would have yielded evidence (e.g., testimony recorded in a hearing transcript) which, in turn, would have allowed Appellant to challenge the charges he faced. Along these lines, Appellant may mean that the lack of a preliminary hearing thus placed him in a position where he had to plead guilty against his wishes rather than challenge the accusations against him. This position is unpersuasive. Appellant knew about the lack of a preliminary hearing prior to pleading guilty. Knowing that the preliminary hearing had

> been waived, Appellant nonetheless advised the plea court that he was satisfied with his counsel. Appellant is bound by his statements at the plea hearing. Commonwealth v. Turetsky, 925 A.2d 876, 881 (Pa. Super. 2007).
>
> We stress that this is not a situation where some new fact about counsel's performance came to Appellant's attention after the plea and Appellant then realized that his counsel had given improper advice with respect to waiving the preliminary hearing and/or pleading guilty. Rather, the record shows that Appellant was quite aware of counsel's performance as of the date of the plea and that Appellant testified at the plea that he was satisfied with counsel. Appellant cannot obtain PCRA relief by contradicting his comments made during the plea colloquy. Id.
>
> In light of the foregoing, Appellant fails to convince us there is any merit to his claim that counsel's conduct regarding the preliminary hearing caused Appellant to plead guilty against his will. Along these same lines, Appellant fails to demonstrate any reason why the PCRA court should have held a hearing on this issue. Thus, we see no basis on which to conclude the PCRA court erred.

(Doc. 16, Ex. N, Superior Court Opinion at 4-5).

As noted above, to establish prejudice, a petitioner must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. However, as is clear from the Pennsylvania Superior Court's opinion, there was no counsel error, as it was Petitioner, himself, who waived the Preliminary Hearing. Accordingly, Petitioner is not entitled to relief on this claim.

**2. Counsel was ineffective for not investigating lack of evidence against Petitioner and inducing a guilty plea.**

Petitioner states that "counsel induced a plea from the client without reviewing a scintilla of fact evidence which is a fundamental denial of counsel." (Doc. 3, Memorandum of Law in support of petition). He further claims that "PCRA counsel followed suit, effectively rendering both ineffectual to a lesser degree than 'reasonably competent', and that "neither

counsel acted 'within the range of competence demanded of attorneys in criminal cases'." Id.

Due process guarantees require that a defendant's plea be voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238-42 (1969). As such, no criminal defendant should plead to a crime unless, and until, he has had explained to him and understands all of his constitutional rights and protections, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to trial by jury, and the right to confront one's accusers. In the Boykin case, the United States Supreme Court emphasized the importance of a judge's duty in ensuring that a criminal defendant have a full understanding of what the plea connotes and its consequences by "canvassing the matter" on the record. Boykin, 395 U.S. at 243-44. The failure to specifically articulate these rights, however, is not dispositive if the circumstances otherwise establish that the plea was constitutionally acceptable. United States v. Stewart, 977 F.2d 81, 85 (3d Cir. 1992), cert. denied, 507 U.S. 979 (1993) (finding the plea colloquy adequate despite trial court's failure to enumerate Boykin rights given that those rights were reviewed in prior plea colloquy that occurred only six weeks earlier.)

A plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). Further, the plea cannot be induced by threats or misrepresentations. The voluntariness of a plea presents a question of law. Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983). However, state court determinations of underlying questions of fact constitute matters which should receive deference under § 2254:

> [A]lthough "the governing standard as to whether a plea of guilty is

> voluntary for purposes of the federal Constitution is a question of federal law," questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings under [former] 28 U.S.C. 2254(d).

Parke v. Raley, 506 U.S. 20, 35 (1992). Consequently, the issue whether a defendant understood the consequences of pleading falls within the scope of factual findings entitled to deference. See Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir. 1986).

A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." Brady, 397 U.S. at 748. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. Id. at 756.

The trial court, at the guilty plea hearing, colloquied Haney regarding his understanding of the proceedings as follows;

> MS. WILSON: Your Honor, this is case 152-Criminal-2006. The Defendant is present with his attorney, Wendell Kay. The Defendant waived arraignment on April 12, 2006. Information charges the defendant with three counts of Aggravated Indecent Assault, one count of Indecent Assault and one count of Corruption of Minors. It is my understanding that the Defendant is willing to plead guilty to Count 3, Aggravated Indecent Assault graded as a Felony of the second degree.
>
> THE COURT: Is that correct, sir, that you wish to enter a plea of guilty to that charge?
>
> MR. HANEY: Yes.
>
> MS. WILSON: On March 6, 2006, the victim age ten-years old at that time disclosed that the Defendant, her grandfather, had fondled her breast, touched and fingered her vagina. On March 9, 2006, the Defendant was interviewed

by Detective LoBasso. Defendant at that time admitted to touching the victim's breasts and penetrating her vagina area.

THE COURT: You've heard the summary of the evidence against you, is that substantially correct?

MR. HANEY: Yes.

COURT CLERK: Please raise your right hand. You do solemnly sear or affirm that the testimony given in this matter before the Court shall be the truth, the whole truth and nothing mut the truth so help you God?

MR. HANEY: Yes.

MS. WILSON: Mr. Haney, I'm showing you a document titled Written Guilty Plea Colloquy, do you recognize that document sir?

MR. HANEY: Yes.

MS. WILSON: And are these your initials on the bottom ten pages of that document?

MR. HANEY: Yes.

MS. WILSON: And your signature on the tenth page?

MR. HANEY: Yes.

MS. WILSON: Did you have an opportunity to review this document with your attorney?

MR. HANEY: Yes.

MS. WILSON: And did he answer any questions you had pertaining to this document?

MR. HANEY: Yes.

MS. WILSON: Are you under the influence of any drugs or alcohol today?

MR. HANEY: No.

MS. WILSON: Were any threats or promises made to get you to plead guilty today?

MR. HANEY: No.

MS. WILSON: Are you satisfied with the representation of your attorney?

MR. HANEY: Yes.

MS. WILSON: Do you understand that by pleading guilty to count 3 you could face a maximum of ten years in prison and a maximum five thousand dollar fine?

MR. HANEY: Yes.

MS. WILSON: And do you understand that in your case there is a mandatory minimum of two and a half years in prison?

MR. HANEY: Yes.

MS. WILSON: Do you understand that you are entitled to a jury trial?

MR. HANEY: Yes.

MS. WILSON: And that the burden would be on the Commonwealth to prove your guilty beyond a reasonable doubt?

MR. HANEY: Yes.

MS. WILSON: Did you also have an opportunity to review this document which is called a Megan's Law Colloquy with your attorney?

MR. HANEY: Yes.

MS. WILSON: And are these your initials on the bottom seven pages of that document?

> MR. HANEY: Yes.
>
> MS. WILSON: And your signature on the final page?
>
> MR. HANEY: Yes.
>
> MS. WILSON: Did you attorney explain any question that you had pertaining to this document?
>
> MR. HANEY: Yes.
>
> MS. WILSON: And you fully understand what you signed in the Megan Law Colloquy?
>
> MR. HANEY: Yes.
>
> MS. WILSON: You have no questions regarding this?
>
> MR. HANEY: No.

(Doc. 16, Ex. C, N.T., July 14, 2006 at 2-5).

It is apparent from the transcript that the oral colloquy addressed, among other topics, Petitioner's understanding of the written guilty plea colloquy, his understanding of the terms of the plea agreement, the absence of coercion, the absence of any intoxicating substances in his system, his waiver of his trial rights, his understanding of the charges against him, and his satisfaction with his plea counsel. As such, this Court finds that the transcript of Petitioner's guilty plea supports the finding that Petitioner's plea was knowing and voluntary, and there is no basis to rebut the statutory presumption of correctness which attaches to the factual component of this finding.

With respect to Petitioner's claim that counsel was ineffective in advising Petitioner to plead guilty, the Pennsylvania Superior Court found the following:

> Appellant also seems to claim his counsel was ineffective in advising him to plead guilty instead of defending the case on the grounds that there was no evidence of penetration as required by 18 Pa.C.S.A. § 3125(a). Once again, Appellant has not shown us that, before the plea, he was somehow unaware of the supposed lack of evidence against him and, only after his plea, did he realize his counsel had given deficient advice to plead guilty. To the contrary, during Appellant's plea hearing, the Commonwealth indicated the complainant disclosed that Appellant "fingered her vagina." N.T., 07/14/06, at 2. The Commonwealth also recounted that Appellant admitted to police that he penetrated the complainant's vagina. Accordingly, there was, in fact, evidence of penetration proffered during Appellant's plea. Having heard that evidence, Appellant indicated it was correct. He then indicated his satisfaction with counsel and entered a plea of guilty. Appellant cannot contradict his statements made at the plea hearing by now arguing that there was no evidence of penetration and that counsel should have somehow challenged the charges based on a lack of such evidence. In short, the record demonstrates that Appellant's claim of ineffectiveness is meritless. Consequently, he has not convinced us the court erred in dismissing his petition without a hearing.
>
> In summary, Appellant has failed to convince us there is any merit to his claims, that he could establish any merit to them if he were granted a hearing, or that there was any other reason the PCRA court should have granted a hearing. Accordingly, Appellant has not persuaded us the PCRA court erred. Seeing no reason to conclude the court committed an error of law or reached a decision unsupported by the record, we will not disturb the court's decision.

(Doc. 16, Ex. N, Memorandum Opinion of the Superior Court of Pennsylvania dated September 10, 2010).

The Pennsylvania Superior Court's decision, in light of the information stated in the written plea colloquy and elicited in the oral colloquy, does not reflect an unreasonable application of the Strickland test, nor is it an unreasonable application of the facts in light of the evidence presented in state court. Therefore, Haney's claim of ineffective assistance of counsel for plea counsel's failure to conduct "an investigation into such a case where no evidence was ever demanded or produced in the first instance" is without merit.

### 3. Counsel's alleged failure to file a direct appeal

To the extent that Haney claims that counsel failed to file a direct appeal on his behalf, while such a claim is cognizable in proceedings under § 2254, see Roe v. Flores-Ortega, 528 U.S. 470 (2000), Petitioner fails to explain how such renders his guilty plea involuntary and unknowing. Thus, Petitioner fails to satisfy the prejudice requirement of Strickland.

As is evidenced from the Pennsylvania Superior Court's review of the Petitioner's PCRA petition, Petitioner was permitted to challenge his conviction with no limitation placed on any issue presented. Thus, in effect, Petitioner's direct appeal was reinstated through his PCRA proceedings, and Petitioner cannot argue any prejudice suffered from the deprivation of a direct appeal. The petition will be denied as to this claim.

### 4. Ineffective Assistance of PCRA Counsel

Petitioner's claim that his PCRA counsel was ineffective is not a cognizable federal habeas corpus claim. Title 28 of the United States Code section 2254(I) provides, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Pursuant to § 2254(I), the Petitioner's claim of ineffective assistance of post-conviction counsel is not cognizable under § 2254.

### 5. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    A separate Order will be issued.

Dated: July 2, 2012

                                                                   **United States District Judge**